# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**STEPHANIE WRIGHT, on behalf of**                                          **PLAINTIFFS**
**A.W., a minor, by and through her next friend;**
**and STEPHANIE WRIGHT**

**v.**                          **CASE NO. 4:10cv00240 BSM**

**PULASKI COUNTY SPECIAL SCHOOL**
**DISTRICT; ROB McGILL, Acting Superintendent**
**of Pulaski County Special School District, In His**
**Official Capacity; RHONDA HARNISH, Director**
**of Elementary Education of Pulaski County**
**Special School District, in Her Official Capacity;**
**and JOSIE BRAZIL, Principal of Sherwood**
**Elementary School, in Her Official Capacity**                          **DEFENDANTS**

## ORDER

Plaintiff Stephanie Wright ("Wright"), individually, and on behalf of A.W., a minor, requests a preliminary injunction [Doc. No. 11] against defendants Pulaski County Special School District ("Pulaski County"), Rob McGill ("McGill"), Rhonda Harnish ("Harnish") and Josie Brazil ("Brazil") (hereinafter referred to collectively as "defendants") to prohibit defendants from denying Wright and A.W. permission to distribute flyers regarding church-sponsored activities. For good cause shown, the motion is granted and defendants are enjoined from prohibiting Wright and A.W. from distributing flyers for church-sponsored events and activities in student take home folders and on Sherwood Elementary School's literature distribution rack.

## I. BACKGROUND

Wright filed this case on her own behalf and on behalf of her child, A.W., a third grade student at Sherwood Elementary School. In October 2009, Wright contacted A.W.'s teacher and requested permission to send home with students and post in the school's literature rack, flyers for a church-sponsored swimming event. Wright was directed to contact Brazil, the Principal of Sherwood Elementary, to obtain permission. Brazil denied Wright's request because the flyers were "church related." This position was affirmed when Wright contacted Harnish, the Director of Elementary Education. Wright then contacted McGill, the Acting Superintendent of Pulaski County, who maintained that A.W. could not send students home with the flyers or post them in the literature rack. Defendants cited to their district wide policies for support of this position.

Three school district policies are at issue. The first is Article V, Section M.2 of the Pulaski County Handbook for Student Conduct and Discipline, which states:

> Students have the right to distribute or post-printed [sic] material (pamphlets, posters, leaflets, newspapers, brochures, circulars and petitions) subject to individual building procedures and accordance [sic] with Board of Education policies.

> Principals have the responsibility to see that Board of Education policies are adhered to and to develop and make available the building procedures for preparation and distribution of written materials.

The second policy in question is Policy KHA/KHB, "Public Solicitation/Advertising in the Schools," which states in pertinent part:

> The Board directs schools to avoid exploiting students and employees whether by advertising or otherwise promoting products or services, soliciting funds or

2

information, or securing participation in non-school related activities and functions. At the same time, schools should inform and assist students and employees to learn about programs, activities or information which may be of help or service to them.

Therefore, the principal may approve bulletins announcing programs or services by a nonprofit local agency or charitable organizations that are operated on a nation-wide basis.

The third policy at issue is Policy KHC, "Distribution/Posting of Promotional Materials," which states "[s]pecial interest materials submitted for grade level, school-wide or District-wide circulation are not to be distributed to students, used in classrooms or sent to homes unless authorized by the Superintendent."

Wright maintains that under these policies, Pulaski County has permitted birthday invitations, end of year party invitations, community group flyers, business flyers, and advertisements to be distributed to students. Attached to Wright's motion are several examples of such materials, including, but not limited to, a 4-H summer camp flyer, a Chick-Fil-A family night flyer, a Scholastic books advertisement, an invitation to the Sherwood Elementary PTA spring luau, a Humane Society newsletter and a Dell computers advertisement.

In the complaint, Wright asserts that defendants are violating: (1) A.W.'s and her right to free speech as guaranteed by the First Amendment; (2) A.W.'s and her right to free exercise as guaranteed by the First Amendment; (3) A.W.'s and her right to due process as guaranteed by the Fourteenth Amendment; (4) the establishment clause of the First Amendment; and (5) the Equal Protection Clause of the Fourteenth Amendment. In the

motion for preliminary injunction, Wright requests a preliminary injunction: (1) prohibiting Pulaski County from enforcing Article V, Section M.2 of the Pulaski County Handbook for Student Conduct and Discipline, District Policy KHA/KHB and District Policy KHC as applied to prohibit A.W. from distributing literature promoting religious events and activities; (2) enjoining Article V, Section M.2, the first two paragraphs of Policy KHA/KHB, and the first paragraph of Policy KHC on their face; (3) requiring defendants to allow A.W. to distribute religious flyers to friends and classmates during non-instructional time; and (4) requiring defendants to allow Wright to distribute religious flyers through the take home folders and literature distribution rack.

## II. PRELIMINARY INJUNCTION STANDARD

"[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "In balancing the equities, no single factor is determinative." *Id.* at 114. "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* For example,

> If the chance of irreparable injury to the movant should relief be denied is outweighed by the likely injury to other parties litigant should the injunction be granted, the moving party faces a heavy burden of demonstrating that he is likely to prevail on the merits. Conversely, where the movant has raised a

substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less.

*Id.*

## III. DISCUSSION

The motion for preliminary injunction is granted because A.W. and Wright are likely to succeed on the merits of their First Amendment free speech and expression claims.

A.   Likelihood of Success on the Merits

### 1. A.W.'s First Amendment Rights

Wright is likely to succeed on the merits of the First Amendment claims brought on behalf of A.W. because it is very clear that neither students nor teachers "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969). Moreover, "students are entitled to freedom of expression of their views" absent a "specific showing of constitutionally valid reasons to regulate their speech. *Id.* at 739. "Clearly, the prohibition of expression of one particular opinion, at least without evidence that it is necessary to avoid material and substantial interference with schoolwork or discipline, is not constitutionally permissible." *Id.*

In *Lowry v. Watson Chapel Sch. Dist.*, 508 F.Supp.2d 713, 722-723 (E.D. Ark. 2007), this district echoed the requirement that substantial interference with the work of the school must be shown before a school can regulate a student's speech. Specifically, it was held that "[a]bsent evidence that wearing the armbands or distributing the flyers would substantially

interfere with the work of the school, the right of students to engage in such conduct was clearly established in [*Tinker*]." *Id*. Defendants have presented no evidence that disseminating flyers regarding church sponsored activities will *substantially* interfere with the work of the school. In fact, the record is devoid of anything showing how the work of the school will be affected *at all* by the dissemination of flyers regarding church-sponsored activities, especially considering the vast array of materials presently circulated.

## 2. *Wright's First Amendment Claims*

Wright is also likely to succeed on her own First Amendment claims based on viewpoint discrimination. Regardless of whether Sherwood Elementary School is classified as a nonpublic forum or limited public forum, defendants may not discriminate based on viewpoint. "Control over access to a non-public forum can be based on subject matter and speaker identity so long as the distinctions drawn are reasonable in light of the purpose served by the forum *and* are viewpoint neutral." *Good News/Good Sports Club v. Sch. Dist. of Ladue*, 28 F.3d 1501, 1505 (8th Cir. 1994) (quoting *Cornelius v. NAACP Legal Def. and Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985)). Regarding limited public fora, the Eighth Circuit held in *Wigg v. Sioux Falls Sch. Dist. 49-5*, 382 F.3d 807, 813 (8th Cir. 2004) that:

> The government has more discretion when the speech forum established by the government is considered limited. Then, the government is not required to allow persons to engage in every type of speech. The government may reserve the forum for certain groups or discussion of certain topics, but it must "abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). A viewpoint-discriminatory regulation is presumed to be unconstitutional. *Id*. at 828-829, 115 S.Ct. 2510.

Defendants maintain that the policies preventing Wright and A.W. from circulating flyers regarding the church-sponsored swimming event are unambiguous and reasonably related to the necessary and appropriate educational function of limiting the number of flyers distributed, and ensuring the distribution of only those flyers that deal with a special or symbiotic relationship to the school or school district. The record, however, does not support defendants' argument because defendants seem to permit almost any organization, with the exception of churches, to circulate material. Indeed, the record clearly shows that defendants' regulations, as presently enforced, merely stamp out certain viewpoint-based speech.

B.    <u>Irreparable Harm,  Balance of Harm to Plaintiffs and Possible
      Injury to Defendants, and Public Interest</u>

The Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). This harm is much greater than that which defendants will suffer if a preliminary injunction issues because the record indicates defendants will suffer absolutely no harm should a preliminary injunction issue. Finally, the public interest supports a preliminary injunction because the Eighth Circuit Court of Appeals has held that, " . . . it is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008).

As set forth above, all *Dataphase* factors support the motion for preliminary injunction. *Dataphase*, 640 F.2d at 113.

## VI. CONCLUSION

For the above stated reasons, Wright's motion for preliminary injunction [Doc. No. 11] is granted. Accordingly: (1) defendants are enjoined from enforcing Article V, Section M.2 of the Pulaski County Handbook for Student Conduct and Discipline, District Policy KHA/KHB and District Policy KHC as applied to prohibit A.W. from distributing flyers for church-sponsored events and activities; (2) defendants are enjoined from enforcing Article V, Section M.2, the first two paragraphs of Policy KHA/KHB, and the first paragraph of Policy KHC with respect to flyers for church-sponsored events and activities; (3) defendants must permit A.W. to distribute flyers for church-sponsored events and activities; and (4) defendants must permit Wright to distribute flyers for church-sponsored events and activities through Sherwood Elementary School's take home folders and literature distribution rack.

IT IS SO ORDERED this 25th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE